Stacey BRATCHER, Appellant,

v.

C. K. DOZIER, d/b/a Dozier Tractor and Implement Company, Appellee.

No. 5409.

Court of Civil Appeals of Texas.

El Paso.

July 6, 1960.

Rehearing Denied Aug. 3, 1960.

Means & Leigh, Pecos, for appellant.

Preston & Tomlin, Pecos, for appellee.

FRASER, Justice.

Plaintiff was a mechanic working in Pecos, Texas. Defendant had a business known as "Dozier Tractor and Implement Company", in the same town. The parties got together at defendant's invitation, early in the month of November, 1956 and, during the course of their conversations, entered into an oral agreement.

According to the testimony, plaintiff was to take over defendant's shop and run it on a guaranteed $100 a week wage and 75 per cent of the gross labor income above this minimum guarantee. The contract was oral, and they did not agree on a specific term for such contract. Plaintiff alleges that he worked some 17 months under this arrangement, and that defendant failed to supply the shop with a steam cleaner and failed to give him 75 per cent of labor done in the shop by defendant himself.

The matter was submitted to a jury on two issues, the first issue inquiring if it was mutually understood by the parties that plaintiff would operate defendant's shop for a reasonable time thereafter, or that

such operation could be terminated at the end of any week by any party. The jury answered this, "For a reasonable time". The second issue asked how long was a reasonable time for such agreement. The jury answered, "One year". Upon such answers the court rendered judgment for the defendant, who had pleaded the Statute of Frauds. Vernon's Ann.Civ.St. art. 3995.

In considering this case, it must be borne in mind that plaintiff apparently relied solely on this oral contract, and did not plead any other remedy, such as quantum meruit. Further, that the record reveals that he began work about the 19th of November which, of course, was subsequent to their oral conversations.

■ Appellant has filed a number of points and sub-points, and we will deal with them under three main headings; the first determining whether the court erred in overruling appellant's motion for judgment. We do not find any error in this phase of the lawsuit, because it is clear that the parties had their conversations early in November, probably two weeks prior to the 19th of November, when plaintiff moved over to defendant's shop. The jury answered, in its special issue, that the contract was to run for a reasonable time thereafter, the issue actually being worded so as to say that the agreement was made in November and was to run for a reasonable time thereafter. We believe, under the holdings in Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045, that the Statute of Frauds precludes plaintiff from recovering. This case by the Supreme Court states that an oral contract of employment for a year, to begin subsequent to date on which contract was made, is within the provisions of the Statute of Frauds; and here, the issue clearly asks if the contract was to run a reasonable time after their agreement in November. Therefore, because their initial conversations began early in November, and work actually began on No-19th, coupled with the jury's finding that the contract was to run for a reasonable

time thereafter and holding such reasonable time to be a year, this matter comes within the language of the case above stated, leaving this oral contract unenforceable by virtue of the provisions of the Statute of Frauds. The two issues are here copied for better reference:

"Special Issue Number One

"From a preponderance of the evidence, do you find that at the time of the oral agreement between Plaintiff Bratcher and Defendant Dozier on or about November, 1956, it was mutually understood by both of them, whether expressed in words or not, that Plaintiff Bratcher would operate the shop of Defendant Dozier for a reasonable time thereafter or that operation of the shop could be terminated at the end of any week by any party?

"Answer:  'for a reasonable time'
or
'at the end of any week.'

"Answer:  For a reasonable time.

"Special Issue Number Two

"From a preponderance of the evidence, how long do you find after November, 1956, was a reasonable time for such agreement under all the circumstances surrounding the making of the agreement?

"Answer in units of time, 'weeks', 'months' or 'years'.

"Answer:  One year."

■ Appellant further maintains that this contract was removed from the Statute of Frauds by full performance on the part of plaintiff. Unfortunately for plaintiff's position, this matter has been squarely passed upon by the Texas Supreme Court, and, while such decisions are admittedly in conflict with those of other jurisdictions, they are still the law in this State and must be followed.

In the case of Paschall v. Anderson, 127 Tex. 251, 91 S.W.2d 1050, the Supreme Court denied the recovery of a bonus by a ranch foreman, although he had worked apparently for a year and a half or more. The Supreme Court clearly held that the bonus, being part of the oral contract of employment, was not recoverable because of the provisions of the Statute of Frauds. This doctrine is re-stated in the Chevalier case, supra, wherein the plaintiff was also denied a bonus under an employment contract. The court, in the Chevalier case, expressly approved the holding in the Paschall case.

Appellant also maintains that the court erred in submitting the two issues, and in refusing to submit plaintiff's requested Issue No. 12, which would have asked the jury if this contract could have been performed within a year. As to the two issues, they are almost exact replicas of the issues submitted in the case of Hall v. Hall, 158 Tex. 95, 308 S.W.2d 12. In this case the Supreme Court, by including the wording of the issues in its judgment, gives apparent approval to such. The Supreme Court seems to hold that, in an oral contract of this type, the term becomes a matter of fact based on the intentions of the parties and their conversations, and that such matter of fact ought to be determined by a jury. These were the two issues submitted in Hall v. Hall, supra. In that case the the court, speaking through Justice Garwood, also disposes of appellant's claim of error in the court's refusal to submit Issue No. 12. Appellant argues that death might have, or could have, terminated this contract. He was, of course, precluded from saying that either party could terminate it himself, by the jury's answer in finding that they intended that it should last at least a year. The evidence shows that plaintiff was leaving a good job that he had had for five years; that he hoped to build the business up to ten or twelve thousand dollars a year; that defendant had told him that this shop was to be his home and he was to run it. Appellant was to be in charge of the shop; was to hire and fire employees, etc. He left a job that was paying him $100 a week, and, in addition, defendant had told him that he wanted him to attend the various schools on hydraulic machinery so that he would be acquainted with new methods. These facts are undoubtedly what caused the jury to reach the opinion that the term was for a year thereafter.

It has long been understood that if a contract can conceivably be terminated within a year, it does not come under the Statute of Frauds; but the Supreme Court, in the above case, has held that the chance of death does not come under this provision unless so stated, or the contract states that it is for the life of one of the parties. But where it is just for a reasonable term, without the above statements, such contract does, we believe, come within the provisions of the statute. We have examined the record carefully, and cannot find sufficient justification to have submitted Issue No. 12, inquiring if the contract could have been terminated. It was not agreed to be for the life of either party, no definite term was agreed upon, and the jury said a reasonable term was for a year. If it was for a year, then neither party could have legally canceled it, and the Chevalier case states clearly that an oral agreement to begin in the future and last for a year is squarely within the Statute of Frauds.

For these reasons, we must overrule all of appellant's points.

The judgment of the trial court is therefore affirmed.