STACEY BRATCHER V. C. K. DOZIER, d/b/a DOZIER TRACTOR AND IMPLEMENT COMPANY

No. A-8083. Decided May 31, 1961
(346 S. W. 2d Series 795)

*Walker F. Means* and *W. F. Leigh,* of Pecos, for petitioner.

*Preston & Tomlin,* of Pecos, for respondent.

MR. JUSTICE HAMILTON delivered the opinion of the Court.

The petitioner, Stacey Bratcher, sued C. K. Dozier, doing business as Dozier Tractor and Implement Company, the respondent, for sums alleged to be due Bratcher by reason of Dozier's breach of an oral contract of employment providing for payment of 75% of the gross labor income of respondent's shop and a weekly guarantee of $100.00. Respondent Dozier, among other defenses, interposed the defense of the statute of frauds, and after a jury trial in the district court of Reeves County the trial court sustained respondent's motion for judgment based on such defense and overruled petitioner's amended motion for new trial. The Court of Civil Appeals at El Paso affirmed the judgment of the trial court. 337 S.W. 2d 494.

Petitioner Stacey Bratcher contends here that the Court of Civil Appeals erred in holding that the oral contract of employment was rendered unenforceable by the statute of frauds.

It is undisputed that petitioner and respondent made an oral contract the first part of November, 1956, whereby petitioner, Bratcher, a mechanic, was to operate and supervise respondent's automotive tractor and equipment repair shop for a consideration of 75% of the gross labor income of the shop, with a minimum guarantee of $100.00 per week. No provision was contained in the oral contract as to the duration of the agreement. Petitioner went to work for respondent on the 19th of November, 1956, and worked until March 28, 1958, when his employment was terminated by respondent. Petitioner alleged that respond-

ent agreed at the time of making the contract that respondent would furnish petitioner with a workable steam cleaner to use in the shop, would furnish him with a man to clean parts and keep the building clean; that respondent would work as a mechanic in the shop from time to time when needed, but that petitioner would receive 75% of the income from the labor performed by respondent, except when working on his own machinery. Petitioner alleged further by reason of respondent's failure to furnish such steam cleaner and the failure to furnish regularly a man to clean parts and clean the building and to pay 75% of the gross labor income from work done by respondent that he was damaged.

The jury found the damage issues in favor of petitioner. Over the objection of petitioner the trial court also submitted two issues on the duration of the agreement. Upon the answers to these two issues the trial court entered judgment for respondent and that petitioner take nothing. Petitioner brought his suit upon the oral contract and alleged no other grounds upon which he might recover. Petitioner contends that neither of the issues on the duration of the agreement should have been submitted because there was no evidence raising the issues. We agree with petitioner and hold that the trial court should have granted his motion for judgment.

Article 3995, V.A.C.S., which is known as our Statute of Frauds, provides as follows:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \* \*

"5. Upon any agreement which is not to be performed within the space of one year from the making thereof."

We think that the question of whether this contract comes within the statute of frauds is a question of law, and that there were no issues to be submitted to the jury on the question of duration. The agreement in question is a simple contract of employment for an indefinite period of time. Generally, where no period of performance is stated in such contracts the statute is

inapplicable. See the language in Wright v. Donaubauer, 137 Tex. 473, 477, 154 S.W. -2d 637, 639, Texas Jurisprudence, 20A, pp. 318-319, and American Jurisprudence, Vol. 49, p. 388, wherein it is said:

> "It is a well-established general rule that where no time is fixed by the parties for the performance of their agreement, and there is nothing in the agreement itself to show that it cannot be performed within a year according to its tenor and the understanding of the parties, the agreement is not within that part of the statute of frauds which requires contracts not to be performed within a year to be in writing."

The facts relied on by respondent and the Court of Civil Appeals to bring the agreement within the Statute of Frauds are, quoting from the Court of Civil Appeals opinion, as follows:

> "The evidence shows that plaintiff was leaving a good job that he had had for five years; that he hoped to build the business up to ten or twelve thousand dollars a year; that defendant had told him that this shop was to be his home and he was to run it. Appellant was to be in charge of the shop; was to hire and fire employees, etc. He left a job that was paying him a $100.00 a week, and, in addition, defendant had told him that he wanted him to attend the various schools on hydraulic machinery so that he would be acquainted with new methods."

In our opinion neither of these facts nor a combination of them is such as to show that the contract of employment cannot be performed within the period of a year from the date of the agreement.

Respondent relies on, and the Court of Civil Appeals bases its opinion on, the case of Hall v. Hall, 158 Tex. 95, 308 S.W. 2d 12. In that case the plaintiff in the trial court alleged and offered proof that he was empoyed by oral contract to do a particular job, and although no period of time was mentioned, that it would take at least five years to complete it. This court held in that case that the mere fact of duration of performance being implied did not keep the contract from being within the statute, and further than an implication of reasonable time of performance in a given contract does not mean that the latter is necessarily indefinite in this behalf so as to escape the statute.

If from the contract itself it can be determined that full performance cannot be had within one year, even though no time is mentioned, the contract will come under the statute. Language in the case in fact supports our holding herein.

The judgments of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded to the trial court with instructions to enter judgment for petitioner on his motion for judgment.

Opinion delivered May 31, 1961.