**John B. NIDAY, Jr., Petitioner,**

v.

**Ronnie D. NIDAY, Sr., Respondent.**

No. C–1682.

Supreme Court of Texas.

Dec. 31, 1982.

Rehearing Denied Feb. 2, 1983.

Hoover, Cox & Shearer, Parx F. Shearer and James C. Kean, Houston, for petitioner.

Krist, Gunn, Weller, Neumann & Morrison, Richard Morrison, Houston, for respondent.

**920**

PER CURIAM.

This is a suit for breach of an oral contract between two brothers whereby John Niday, who operated a funeral home, promised Ronnie Niday that if Ronnie obtained his funeral director's license, John would transfer to him a share of the business. The question before us is whether the alleged agreement is unenforceable as violating the requirement of Tex.Bus. & Com. Code Ann. § 26.01 that contracts not to be performed within one year be in writing.

The trial court granted summary judgment for John Niday. The court of appeals, in an unpublished opinion pursuant to Tex. R.Civ.Pro. 452, reversed and remanded the case for trial on the grounds that the agreement did not fall within the Statute of Frauds. We disagree.

■ That the required performance under the agreement here takes a minimum of two years time is not disputed. Ronnie Niday testified in his deposition that state licensing standards for funeral directors at the time in question required one year of schooling and an additional year of apprenticeship. These two terms could not run concurrently; consequently, the contract performance could not possibly have been completed within one year. The court of appeals nevertheless held that the agreement did not fall within the Statute of Frauds under the holding of *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex.1974). There this Court articulated the general rule that, where the parties do not fix the time of performance and the agreement itself does not indicate that it cannot be performed within one year, the contract does not violate the statute.

■ While the general rule regarding performance duration is as stated in *Miller v. Riata Cadillac Co., supra,* this Court has also held that, where the agreement, either by its terms *or by the nature of the required acts,* cannot be completed within one year, it falls within the statute and must therefore be in writing. *Hall v. Hall,* 158 Tex. 95, 308 S.W.2d 12 (1957). That is, where an oral contract omits the performance term, duration may properly be implied from extrinsic evidence. If that evidence conclusively proves that the contract cannot be completed within one year, as is the case here, the oral contract violates the Statute of Frauds as a matter of law. *Krueger v. Young,* 406 S.W.2d 751 (Tex.Civ. App.—Eastland 1966, writ ref'd n.r.e.).

We conclude that the trial court properly granted summary judgment for John Niday. Because the holding of the court of appeals is in conflict with a decision of this Court, *Hall v. Hall, supra,* we reverse the judgment of the court of appeals without hearing oral argument and affirm the judgment of the trial court. Tex.R.Civ.Pro. 483.