Ronald David HARRIS, Appellant,

v.

Pamela Lee HARRIS, Appellee.

No. 05–83–00768–CV.

Court of Appeals of Texas,
Dallas.

Aug. 10, 1984.

Rehearing Denied Oct. 25, 1984.

James F. Newth, Dallas, for appellant.

James B. Martin, Dallas, for appellee.

Before AKIN, STEPHENS and SPARLING, JJ.

STEPHENS, Justice.

The dispositive issue on appeal is the right to a jury trial in an action brought in district court to enforce property rights awarded in a divorce judgment rendered several years earlier. We hold that appellant has a right to a jury trial, and accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.

The parties were divorced in 1975. The judgment named the parties as cotenants of the community homestead, reserving an estate for the wife for so long as she remained the permanent managing conservator of the parties' minor child, and for so long as the child was unmarried, unemancipated, and less than eighteen years of age, provided that she and the minor child actually resided in the home. Upon termination of the estate for any of the reasons stated, the house was to be sold, principal mortgage payments first refunded to the wife, and the remaining proceeds equally divided between the husband and wife.

The judgment further granted the wife an option to purchase the husband's interest in the home at any time prior to the marriage, emancipation, death, or eighteenth birthday of the minor child, "or reasonably soon thereafter," under a formula fixed in the judgment. A similar option was granted the husband, in the event that the wife failed to exercise her option, upon termination of the wife's right of use of the property.

In 1982, the appellant filed a petition to modify the 1975 divorce decree, seeking the exclusive right to govern the child's educational program. Later the appellant filed a First Amended Original Petition in which he abandoned his claim of right to govern the minor child's education program; alleged that the minor child had reached the age of eighteen years; alleged that he had tendered the correct amount of money to appellee in exercise of his option to purchase the home; alleged that appellee refused to sell the home; sought temporary use of the home during the pendency of the suit; sought a writ of possession directing appellee to convey to appellant her right, title, and interest in the property; and alternatively, sought the appointment of a receiver to take title to the property and convey it to him in accordance with the terms of the 1975 divorce decree.

Appellant next filed a motion for summary judgment which was denied. The order denying the summary judgment recited that the court was of the opinion that genuine issues of material fact existed and that the matter should be accorded a full trial on the merits. Appellant then paid a jury fee and requested a jury trial, which was denied in an order entered by the court.

On May 4, 1983, a trial before the court was held, and after hearing evidence, the court entered an order styled "Order Clarifying Judgment of Divorce." The order stated that the options in the divorce judgment were so vague and indefinite as to be unenforceable, and ordered the property sold and the net proceeds of the sale divided equally between the parties.

We recognize the power of a court to issue an order in aid and clarification of its prior decree and for the purpose of effectuating its terms. *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex.1975); *Ex parte McKinley*, 578 S.W.2d 437 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). However, the order in this case went beyond clarification; it eliminated the purchase options, and thus materially changed the original terms of the judgment. This action of the trial court was improper. *Schwartz.*

Furthermore, we disagree with the trial court's determination that the options contained in the original judgment were so vague and indefinite as to render them unenforceable. The only provision of the original judgment, as to the options to purchase, which could be held to be vague, was the "reasonable time" within which to act provision. The determination of what constitutes a reasonable time is usually a fact issue. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12 (1957). Appellant's pleadings raised fact issues as to whether appellee's estate had terminated, and if so, when. Once those issues were determined, the issue as to a reasonable time thereafter, in which to act, could be resolved.

Appellant timely requested a jury to determine the fact issues relative to his property rights. TEX. CONST. art. I, § 15, provides that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. art. V, § 10 provides that: "In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury. . . ." These provisions have been construed as guaranteeing the right of trial by jury as it existed at common law or as provided by statutes in effect at the time of the adoption of our Texas Constitution in 1876. *Welch v. Welch*, 369 S.W.2d 434 (Tex.Civ.App.—Dallas 1963, no writ); *Hickman v. Smith*, 238 S.W.2d 838 (Tex.Civ. App.—Austin 1951, writ ref'd). An action to recover property rights was an action recognized by the common law. *Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974). Insofar as trials in the district courts are concerned, article V, section 10 of the Texas Constitution, has been construed to be even broader than article I, section 15, since it encompasses any "cause." *Walsh v. Spencer*, 275 S.W.2d 220 (Tex.Civ.App.—San Antonio 1954, no writ). All persons are entitled to trial by jury of any facts affecting their property rights. *Clayton v. Clayton*, 308 S.W.2d 557 (Tex.Civ.App.—Texarkana 1957, no writ).

Appellant was entitled to a jury trial in order to determine the unresolved factual issues necessary to enforce the divorce judgment according to its terms. The denial of the right to a jury trial raises the inference of a probable harm. *P.T. Whitlock Gas & Oil, Inc. v. Brooks*, 396 S.W.2d 922 (Tex.Civ.App.—Dallas 1965, no writ). Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.