**Stuart T. GERSTACKER, Appellant**

v.

**BLUM CONSULTING ENGINEERS, INC., Appellee.**

**No. 05–93–00791–CV.**

Court of Appeals of Texas, Dallas.

Aug. 24, 1994.

Robert J. Reagan, Dallas, for appellant.

Theodore J. Riney, and Catherine Clifton, Dallas, for appellee.

Before KINKEADE, MALONEY and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Stuart T. Gerstacker appeals a summary judgment for Blum Consulting Engineers, Inc. in this suit based on an employment relationship. In eight points of error, Gerstacker contends that the trial court erred in (i) striking Gerstacker's summary judgment affidavit, and (ii) granting Blum's motion for summary judgment. We reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Gerstacker filed suit against Blum alleging causes of action for (1) breach of contract, (2) promissory estoppel, and (3) fraud. Gerstacker's petition alleges that Blum sought to employ Gerstacker as an engineer. According to Gerstacker, he inquired about whether he was in danger of being laid-off if he accepted employment with Blum. Gerstacker explained that he would have to uproot himself from Ohio and move to Texas if he accepted a position. In response to his inquiry, Blum orally promised to employ him "during [his] good performance and satisfactory performance of his duties." Gerstacker also alleged that Blum promised him that if the company experienced hard economic times, Gerstacker's salary might be reduced but he would not be laid-off. Gerstacker asserted that based on Blum's oral assurances, he accepted employment with Blum and moved to Dallas. Four months after Gerstacker began employment, Gerstacker claims that Blum experienced a business downturn and terminated Gerstacker because of "lack of work."

Blum moved for summary judgment on Gerstacker's causes of action as alleged in the petition based on its affirmative defense of statute of frauds. Blum filed no summary judgment evidence. Gerstacker filed a response to Blum's motion for summary judgment, attaching his supporting affidavit. Gerstacker's affidavit did not contain a statement that the facts recited in it were true and correct. Blum objected to Gerstacker's affidavit because it (1) contained evidence that would not be otherwise admissible in court and (2) did not state that the facts contained in the affidavit were true and correct. The trial court sustained Blum's objections to Gerstacker's affidavit and struck Gerstacker's affidavit by a written order. The trial court, considering only the plead-

ings in the cause, granted Blum's motion for summary judgment on all Gerstacker's causes of action based on the statute of frauds.

## GERSTACKER'S AFFIDAVIT

In his first four points of error, Gerstacker contends that the trial court erred in sustaining Blum's objection to and striking Gerstacker's affidavit because (1) his affidavit was not fundamentally defective, (2) it was not necessary for him to specifically state that the matters contained in the affidavit were "true and correct," (3) the affidavit was based on personal knowledge, set forth facts admissible in evidence, and affirmatively showed that the affiant was competent to testify to the matters stated therein, and (4) the affidavit was not inadmissible hearsay. Blum contends that the trial court correctly sustained its objection to Gerstacker's summary judgment affidavit because it was not competent summary judgment evidence and was based on hearsay.

 Summary judgment affidavits shall (1) be made on personal knowledge, (2) set forth facts as would be admissible in evidence, and (3) affirmatively show that the affiant is competent to testify to the matters stated therein. TEX.R.CIV.P. 166a(f). An affidavit is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned upon them. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). One making an affidavit must swear or affirm under oath that the facts stated are true. *Brown Found. v. Friendly Chevrolet Co.*, 715 S.W.2d 115, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

 Gerstacker states in his affidavit that the facts are based on personal knowledge, but he does not state that the facts are true. In *Brownlee*, the Texas Supreme Court held a summary judgment affidavit insufficient because it did not "positively and unqualifiedly represent the 'facts' as disclosed in the affidavit to be true and within [the affiant's] personal knowledge." 665 S.W.2d at 112; *see also Brown Found.*, 715 S.W.2d at 117. Gerstacker's affidavit is insufficient because it does not state whether the facts contained in the affidavit are true and, therefore, perju-

ry cannot be assigned to it. *See Brownlee*, 665 S.W.2d at 112. The trial court correctly sustained Blum's objection and struck Gerstacker's affidavit. We overrule Gerstacker's second point of error. Because we conclude that the trial court correctly sustained Blum's objection and struck Gerstacker's affidavit because it did not state that the facts contained in it were true, we do not address Gerstacker's points of error one, three, and four. *See* TEX.R.APP.P. 90(a).

## MOTION FOR SUMMARY JUDGMENT

In Gerstacker's fifth through eighth points of error, he contends that the trial court erred in granting summary judgment for Blum because there exists a fact issue and his causes of action are not barred by the statute of frauds. Blum asserts that there is no issue of material fact and that the statute of frauds bars Gerstacker's causes of action for breach of contract, promissory estoppel, and fraud. Blum claims that Gerstacker's fraud claim only restates his breach-of-contract claim and that Gerstacker cannot avoid the statute of frauds in a breach-of-contract case by pleading fraud.

 A trial court may render summary judgment only if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue exists regarding any material fact and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). Summary judgment is designed to eliminate unmerited claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on fact issues. *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.—Dallas 1991, no writ) (citing *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)).

 In reviewing the summary judgment evidence, we apply the following standards:

1. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true; and

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

█ In Texas, at-will employment exists when the parties do not limit the ability of either the employer or employee to terminate employment at their will. *Goodyear Tire & Rubber Co. v. Portilla*, 879 S.W.2d 47, 47 (Tex.1994). However, the at-will doctrine only applies absent a specific contractual provision to the contrary. *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 78, 10 S.W. 99, 104 (1888). When Blum agreed not to fire Gerstacker except for good cause,[1] Blum removed the employment relationship from the at-will category.[2] We now consider whether the contract, as alleged, falls within the statute of frauds.

█ The statute of frauds is set forth in section 26.01 of the Texas Business and Commerce Code and provides, in pertinent part:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . . .

(6) an agreement which is not to be performed within one year from the date of making the agreement;

. . . .

TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). The statute of frauds requires that certain specified classes of contracts be in writing to be enforceable. *Barbouti v. Munden*, 866 S.W.2d 288, 294 (Tex.App.—Houston [14th Dist.] 1993, no writ). Whether a contract falls within the statute of frauds is a question of law. *Bratcher v. Dozier*, 162 Tex. 319, 321, 346 S.W.2d 795, 796 (1961); *Barbouti*, 866 S.W.2d at 294; *Eisenbeck v. Buttgen*, 450 S.W.2d 696, 700 (Tex.Civ.App.—Dallas 1970, no writ). The statute of frauds is an affirmative defense. *See* TEX.R.CIV.P. 94.

█ If an oral contract can, from the terms of the agreement, be performed within one year, it is not within section 26.01(b)(6) of the statute of frauds. *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 775 (Tex.1974); *Chevalier v. Lane's, Inc.*, 147 Tex. 106, 111, 213 S.W.2d 530, 532 (1948). Section 26.01(b)(6) of the statute of frauds bars only oral contracts that cannot be completed within one year. *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex.1982). Where the term of performance is uncertain such as a contract that merely provides for the performance of a particular act that can conceivably be performed within one year, section 26.01(b)(6) does not apply, however improbable performance within one year may be. *Hall v. Hall*, 158 Tex. 95, 99, 308 S.W.2d 12, 15 (1957). Indefinite-term employment contracts are considered performable within one year and therefore do *not* fall within section 26.01(b)(6) of the statute of frauds. *Miller*, 517 S.W.2d at 775.

█ However, the mere fact that duration of performance is implied in a contract does not necessarily keep the contract from being within the statute of frauds. In *Hall*, the employee was retained under an indefinite-term employment contract to develop a sales territory. The employee's petition alleged that his oral contract would last for a "reasonable time." The trial court submitted

---

1. Gerstacker's allegations are accepted as true for the purpose of summary judgment review.

2. In *Portilla*, the Texas Supreme Court specifically stated that it expresses no opinion on whether *oral* modification of the employment-at-will status is sufficient. 879 S.W.2d at 52 n. 8. In the present case, Blum did not move for summary judgment on the basis that all employment contracts must be in writing to be enforced. Rather, Blum asserted that the contract, as alleged, set forth a condition of employment that brought it within the statute of frauds.

special issues to the jury that determined that a "reasonable time" was three years. The Texas Supreme Court reversed the trial court's award of damages, holding that the jury's three-year duration was an implied term of the contract and therefore the contract was barred by the statute of frauds. *Id.*

In *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991), the Texas Supreme Court implied a definite-term employment contract for eight years where a fifty-seven-year-old employee built a retirement home relying on an employer's promise about his job security: "No, don't worry about that, go ahead and build it." *Id.* at 484. The court construed the employer's statement as a definite-term employment contract concluding, "[Schroeder's] idea was that as a result of the oral statements, he would be employed by TIW for another eight to ten years, until retirement. However, any alleged oral agreement to such effect was not capable of performance within one year and would be unenforceable under the statute of frauds." *Id.* at 489.

 To determine the applicability of the statute of frauds with indefinite contracts, this Court may use any reasonably clear method of ascertaining the intended length of performance. *Schroeder,* 813 S.W.2d at 489; *see Hall,* 308 S.W.2d at 16–17. The method is used to determine the parties' intentions at the time of contracting. In *Schroeder,* the supreme court applied facts present at the time of the contract to show the parties' intent to contract for employment for a specified period of time, which was until retirement or eight to ten years. 813 S.W.2d at 489.

In *Hall,* the supreme court held that

> when the parties omit an express stipulation as to time, it is in accord with human experience and accepted standards of law for us to assume that they meant whatever term of days or years might be reasonable in the light of the circumstances before them at the date of the contract.

308 S.W.2d at 16–17. The supreme court explained that in determining the number of months or years implied by the term "reasonable time," the jury must carefully examine the subject matter and the circumstances surrounding the parties' situation present *at the time of the contract. Id.* The supreme court dictated that a jury, in reaching its decision, must not depend on facts arising after the contract was entered. *Id.*

 Here, Gerstacker alleged that Blum promised to employ him as long as Gerstacker's performance was satisfactory. Gerstacker further alleged that Blum agreed that he would not be laid-off due to an economic downturn although Gerstacker's salary might be reduced because of hard times. Gertsacker pleaded for damages based on the value of eighteen months of employment.[3] Thus, according to Blum, Gerstacker alleged facts that, if proven, would establish Blum's affirmative defense of statute of frauds. Blum contends that Gerstacker's plea of damages based on eighteen months' employment is a judicial admission that affirmatively negates the existence of a contract performable in one year; therefore, the trial court properly granted summary judgment on the pleadings. *See Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540, 543 n. 1 (Tex.1971).

 Ordinarily, a summary judgment cannot be based solely upon the failure of a plaintiff to plead a cause of action unless the defendant levels a special exception to the deficiency, affording the plaintiff an opportunity to amend his pleading to state a cause of action. *See Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974). Nevertheless, there is authority for the proposition that a plaintiff can plead himself out of court. *See Alice Roofing & Sheet Metal Works, Inc. v. Halleman,* 775 S.W.2d 869, 870 (Tex. App.—San Antonio 1989, no writ); *Schroeder v. Texas & Pac. Ry.,* 243 S.W.2d 261, 263 (Tex.Civ.App.—Dallas 1951, no writ). Therefore, we consider Blum's assertion that Gerstacker pleaded facts that negate his claim.

Gerstacker's plea of damages, however, has nothing to do with the facts and circum-

---

**3.** Blum moved for summary judgment based solely on the pleadings. The record contains no

evidence supporting the judgment.

stances present at the time the parties entered the oral agreement. Gerstacker's plea for damages is not an admission that, at the time of the contract, the apparent intent of the term "satisfactory performance" really meant eighteen months' employment. Moreover, Gerstacker's petition explains why he based part of his damages on the value of eighteen months' employment. Gerstacker alleged that it took him eighteen months to find a comparable position. Consequently, Gerstacker sought damages on eighteen months' salary mitigated by wages earned during this time.

Gerstacker did not believe that his plea of damages indicated that the parties contemplated an eighteen-month contract. *Cf. Schroeder*, 813 S.W.2d at 484. Gerstacker's plea of damages is not evidence of facts present at the time of the contract indicating the parties' intent regarding duration of performance. Gerstacker's plea of damages cannot be used to create a different agreement between the parties. In *Hall* and *Schroeder*, the supreme court sought to ascertain the parties' intent regarding a contractual term, not rewrite the contract.

Gerstacker's petition requesting damages based on the value of eighteen months of employment does not provide a reasonably clear method of ascertaining the intended length of Gerstacker's alleged contract. Gerstacker's plea of damages is not a viable method of ascertaining the intended length of performance. *See Goodyear Tire & Rubber Co. v. Portilla*, 836 S.W.2d 664, 670 (Tex. App.—Corpus Christi 1992), *aff'd on other grounds*, 879 S.W.2d 47 (Tex.1994).

The length of Gerstacker's alleged contract was indefinite only in the sense of not knowing, at the time of the contract, the *eventual* duration of the employment. The parties agreed to the *intended* length of performance—employment until the happening of an express contingency. Accordingly, "where the term of performance is uncertain such as a contract that merely provides for the performance of a particular act that can conceivably be performed within one year, section 26.01(b)(6) does not apply." *Hardison v. A.H. Belo*, 247 S.W.2d 167, 168 (Tex. Civ.App.—Dallas 1952, no writ).

■ Because no summary judgment evidence exists to contradict Gerstacker's petition that the parties agreed to employ Gerstacker for an amount of time measured in quality of performance (not months or years) [4] and such a contingency makes the employment relationship performable within one year, we hold that the oral contract is not within the statute of frauds. *See Goodyear Tire*, 836 S.W.2d at 670; *Hardison*, 247 S.W.2d at 168; *but cf. Wal–Mart Stores v. Coward*, 829 S.W.2d 340, 342–43 (Tex.App.—Beaumont 1992, writ denied); *Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Therefore, we sustain Gerstacker's remaining points of error.

We reverse the trial court's summary judgment and remand the cause for further proceedings.

KINKEADE, J., dissenting.

KINKEADE, Justice, dissenting.

I respectfully dissent. I would hold that the statute of frauds bars Stuart T. Gerstacker's causes of action for breach of contract, fraud, and promissory estoppel in this oral good-cause-for-termination agreement with Blum Consulting Engineers, Inc. I would affirm the trial court's summary judgment granted to Blum.

## STATUTE OF FRAUDS

In our case, although Gerstacker claims that Blum agreed that he would not be laid-off due to an economic down-turn and as long as Gerstacker's performance was satisfactory, his petition requests damages for eighteen months and shows he expected to be employed longer than one year at the time he and Blum entered into the alleged agreement. Gerstacker's petition requesting eighteen months of damages provides a reason-

---

4. This Court can imagine an employment situation where the evidence showed that the parties, at the time of the contract, understood that satisfactory performance would specifically require employment for more than one year (thereby expressly placing the contract within the statute of frauds); however, the evidence here does not present such a case.

ably clear method of ascertaining the length of Gerstacker's alleged contract to be for a term longer than one year. Gerstacker's petition pleads facts that affirmatively negate his cause of action. Since Gerstacker claims damages for an oral employment contract that cannot be performed in one year, it is barred by the statute of frauds.

Pleadings are generally not evidence for summary judgment purposes. *See American Motel, Inc. v. Johnson,* 610 S.W.2d 143, 143 (Tex.1980); *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 543 (Tex.1971). However, a party may plead himself out of court. *Alice Roofing & Sheet Metal Works, Inc. v. Halleman,* 775 S.W.2d 869, 870 (Tex.App.— San Antonio 1989, no writ). A party may plead facts that affirmatively negate his cause of action. *Id.; see Schroeder v. Texas & Pacific Ry. Co.,* 243 S.W.2d 261, 263 (Tex. Civ.App.—Dallas 1951, no writ).

In *Halleman,* the plaintiff corporation repaid a personal loan of the defendant and sought collection from the defendant eleven years after the loan was repaid. The record consisted of plaintiff's petition and the defendant's motion for summary judgment raising the statute of limitations as an affirmative defense. The trial court granted summary judgment for the defendant based on the statute of limitations and the issue on appeal was whether the statute of limitations was a bar to the plaintiff's cause of action. The court of appeals affirmed the trial court's judgment holding that appellant's pleadings acknowledged the transaction occurred more than four years prior to the filing of the lawsuit and therefore the statute of limitations barred collection of the debt. *Halleman,* 775 S.W.2d at 870. The court recognized that a party may plead himself out of court. *Id.* at 870. A plaintiff may plead facts which affirmatively negate his cause of action. *Id.* In such an instance, it is proper to grant the defendant's motion for summary judgment. *Id., Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 7 (Tex.1974).

In our case, Gerstacker's petition pleads damages for eighteen months which affirmatively negates the existence of a contract performable in one year. Gerstacker, like the plaintiff in *Halleman,* pleaded himself

out of court. I would hold that the trial court properly granted summary judgment against Gerstacker because his claim of breach of contract violated the statute of frauds as a matter of law.

Gerstacker and the majority argue that our holding in *Hardison v. A.H. Belo,* 247 S.W.2d 167, 168 (Tex.Civ.App.—Dallas 1952, no writ), supports a different result. In *Hardison,* this Court held that an oral contract to employ the plaintiff as long as his work was satisfactory was not barred by the statute of frauds. However, *Hardison* was decided before *Schroeder* and *Hall.* If *Schroeder* and *Hall* did not overrule *Hardison,* they seriously eroded its efficacy. The result in *Schroeder* and *Hall'* s language that we can use "any reasonable method of ascertaining [duration of performance]" compels a different result than in *Hardison.* This Court did not have the benefit of either *Schroeder* or *Hall'* s reasoning when it decided *Hardison.* I do not agree with Gerstacker or the majority that *Hardison* is controlling authority in this case.

The majority states that Gerstacker's claim for damages showed nothing about his intent at the time of the alleged oral modification of his at-will employment. The pleadings clearly show Gerstacker's intent that he thought he had a job for at least eighteen months. The majority's holding allows anyone to claim that their alleged oral agreement was for an indefinite term at the time it was made. Those terms would only become definite when the claim is made in a lawsuit like this. Clearly, the type of rule outlined by the majority ignores the very reason we have a statute of frauds.

Based on *Schroeder* and *Hall,* I would conclude that Gerstacker's petition provides a reasonable method of ascertaining the duration of Blum's oral agreement, eighteen months. Enforcement of an eighteen month oral agreement is barred as a matter of law by the statute of frauds because it could not be performed within one year. *See Miller v. Riata Cadillac, Co.,* 517 S.W.2d 773, 775 (Tex.1974). Because Gerstacker's oral agreement had an implied duration of eighteen months, its enforcement is barred by the statute of frauds.

## PROMISSORY ESTOPPEL

In *Wheeler v. White*, 398 S.W.2d 93 (Tex. 1965), the Texas Supreme Court expressed the doctrine of promissory estoppel as follows:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Id.* at 96. Promissory estoppel is an exception to the statute of frauds only when the promise is to sign a written agreement which itself complies with the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 940 (Tex.1972); *Mann v. NCNB Tex. Nat'l Bank*, 854 S.W.2d 664, 668 (Tex.App.—Dallas 1992, no writ).

In our case, the exception is not present. Gerstacker makes no allegation that Blum promised to reduce his agreement to writing. I would hold that the statute of frauds bars enforcement of Gerstacker's defensive plea of promissory estoppel.

## FRAUD

When the statute of frauds bars recovery under breach of contract, the plaintiff may not recover what he would have gained had the promise been performed by casting his contract cause of action in tort. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 129 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Collins v. McCombs*, 511 S.W.2d 745, 747 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.).

In determining whether contract or tort duties are breached, we look to the substance of the cause of action and not necessarily the manner in which it was pleaded. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). The nature of the injury most often determines which duty or duties are breached. *Id.* When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone. *Id.*

In our case, Gerstacker casts his breach-of-contract cause of action alternatively as fraud. He seeks recovery for eighteen months of wages and his expenses and costs in seeking new employment. Based on the same oral promise and breach by Blum, Gerstacker attempts to alternatively enforce the promise. Because the statute of frauds bars Gerstacker's breach-of-contract cause of action, I would hold it also bars Gerstacker's fraud cause of action based on the same promise.

The Texas Supreme Court in *Goodyear Tire & Rubber Co. v. Portilla*, 879 S.W.2d 47, 52 n. 8 (Tex.1994), recently stated in a footnote that they were not reaching the issue of whether at-will-employment status may be modified orally or whether the statute of frauds bars oral modification. In this case, the modification was both oral and for a period exceeding one year. Because I would hold the statute of frauds bars Gerstacker's claims as a matter of law, I would affirm the trial court's judgment.