**Harold Gene ROYLE, Appellant,**

v.

**TYLER PIPE INDUSTRIES, INC., Tyler Corporation, Texas Ransom Industries, Inc., and McWane, Inc., Appellees.**

No. 12–99–00036–CV.

Court of Appeals of Texas, Tyler.

Aug. 13, 1999.

Rehearing Overruled Sept. 30, 1999.

Jim K. Choate, Rockwell, for Appellant.

Eric H. Findlay, Tracy Crawford, Tyler, for Appellees.

Panel consisted of HADDEN, J., and WORTHEN, J.

ROBY HADDEN, Justice.

Appellant Harold Gene Royle ("Royle") appeals from a summary judgment rendered in favor of Appellees, Tyler Pipe Industries, Inc., Tyler Corporation, Ransom Industries, Inc., and McWane, Inc. ("Tyler Pipe"), in a wrongful termination suit brought by Royle. In one issue presented, Royle contends that the trial court erred when it granted Tyler Pipe's motion based on the Statute of Frauds. We will affirm.

### FACTUAL BACKGROUND

According to Royle's Original Petition, Royle went to work for Tyler Pipe in 1956 when he was eighteen years old. Over the course of his employment with Tyler Pipe, Royle suffered various injuries. During and after periods of convalescense, Royle contends that Tyler Pipe repeatedly promised him that if he would continue his employment with the company he would have a permanent position as long as he lived. In his deposition, Royle testified that the first of these promises was made in 1970, the second occurred in 1974 and the third was made in 1984. Royle further testified that these promises of lifetime employment were never reduced to writing. Royle alleges that, after taking into consideration his other alternative economic opportunities, he accepted these offers and returned to work. Royle continued to work for Tyler Pipe until he was discharged on January 6, 1996.

Royle brought a wrongful termination suit alleging that Tyler Pipe had "breached the contract of employment that had existed for many years between the Defendants and the Plaintiff." Royle testified in his deposition that the sole basis for his wrongful termination claim was Tyler Pipe's breach of the oral representations described above. Tyler Pipe filed a motion for summary judgment contending that oral promises of lifetime employment were never made to Royle. However, Tyler Pipe assumed for purposes of its motion that an oral contract did exist. In its motion, Tyler Pipe argued that such a contract is void and unenforceable under the Statute of Frauds. The trial court granted Tyler Pipe's motion and Royle now brings this appeal.

### STANDARD OF REVIEW

Summary judgment is proper only when the movant demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); TEX.R. CIV. P. 166a(c). When a defendant moves for summary judgment based on an affirmative defense, such as Statute of Frauds, it must conclusively establish the defense as a matter of law. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); TEX.R. CIV. P. 94. When deciding whether there is a disputed material fact issue precluding summary judgment, we treat evidence favorable to the non-movant as true and we resolve any doubts in its favor. *See Nixon,* 690 S.W.2d at 548. Whether a contract falls within the Statute of Frauds is a question of law. *See Bratcher v. Dozier,* 162 Tex. 319, 346 S.W.2d 795, 796 (1961).

### ORAL PROMISES OF LIFETIME EMPLOYMENT

The Statute of Frauds provides that an agreement which is not to be performed within one year from the date of the making of the agreement must be in writing to be enforceable. *See* TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987). Royle contends that the oral contract at issue was exempt from the requirements of the Statute of Frauds because the term of the contract was measured by the life of a party to the contract. Thus, Royle argues that because the party upon whose life the contract was measured could die within one year of the making of the agreement, the contract could have been performed within one year and the Statute of Frauds would not apply. Tyler Pipe asserts that the agreement at issue required a writing because the "understanding and intention"

of the parties underlying this agreement was for the term of the agreement to last longer than one year. We agree with Tyler Pipe.

 We begin by noting that absent a specific agreement to the contrary, an employer may terminate an employee at will, for good cause, bad cause or no cause at all. *See East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888); *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998). Modification of the at-will relationship may be oral. *See Montgomery County,* 965 S.W.2d at 503 (Tex.1998); *Welch v. Doss Aviation, Inc.,* 978 S.W.2d 215, 220 (Tex.App.—Amarillo 1998, no pet.). While it is true that, generally, an oral employment contract for an indefinite term, such as the one alleged here, is outside the writing requirement of the Statute of Frauds, it is also true that the term of such an agreement must be assessed in light of the "tenor and understanding of the parties[.]" *Bratcher,* 346 S.W.2d at 796; *see Montgomery County,* 965 S.W.2d at 503 (Gonzalez, J., concurring); *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex.1982); *Miller v. Riata Cadillac,* 517 S.W.2d 773, 775–76 (Tex. 1974); *Hall v. Hall,* 158 Tex. 95, 308 S.W.2d 12, 16 (1957). In *Hall,* the supreme court stated:

> When the parties omit an express stipulation as to time, it is in accord with human experience and accepted standards of law for us to assume that they meant whatever term of days or years might be reasonable in the light of the circumstances before them at the date of the contract.

*Id.* at 16; *see Niday,* 643 S.W.2d at 920 ("where an oral contract omits the performance term, duration may properly be implied by extrinsic evidence"). Further, in his concurring opinion in *Montgomery County,* Justice Gonzalez stated that Statute of Frauds analysis "should not end simply because the contract was for an indefinite term." Instead, Justice Gonzalez reasoned that courts "should examine the understanding of the parties and the nature of the performance expected before deciding whether the agreement can be performed within a year." Based on the foregoing, we hold that when an oral contract for lifetime employment is made, the understanding and intention of the parties is for the term of such a contract to last beyond one year. *See, e.g., Massey v. Houston Baptist Univ.,* 902 S.W.2d 81, 84 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (promise of permanent or lifetime employment, or the promise of employment until retirement age, is the type of employment contract that must be reduced to writing to be enforceable); *Wal–Mart Stores, Inc. v. Coward,* 829 S.W.2d 340, 342–43 (Tex.App.—Beaumont 1992, writ denied) (oral promise to an employee of a "job there for life if [the employee] wanted it" required a writing); *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.) (promise of permanent employment or employment until retirement age required a writing). We also hold that the "nature of the performance expected" under a contract for lifetime employment compels the conclusion that the expected duration of such an agreement is longer than one year. *See Id.* Thus, such a contract is within the Statute of Frauds and requires a writing to be enforceable. In our view, requiring a contract for lifetime employment to be in writing will better enable courts to determine whether such an agreement rebuts "the strong presumption of at-will employment." *Montgomery County,* 965 S.W.2d at 504. Accordingly, we conclude that the trial court did not err in granting Tyler Pipe's motion for summary judgment. Royle's issue is overruled.

The judgment of the trial court is *affirmed.*

RAMEY, Jr., C.J., not participating.