HERSLOF and another, Respondents, vs. SHARPE, Appellant.

*September 12—October 22, 1946.*

For the appellant there were briefs by *Zillmer & Redford* of Milwaukee, and oral argument by *John M. Redford.*

For the respondents there was a brief by *Spence & Hanley* of Milwaukee, and oral argument by *Arthur T. Spence.*

FAIRCHILD, J. The dissolution of the partnership was rightfully accomplished by operation of law (sec. 123.27, Stats. 1945) on October 5, 1945. The steps taken before the discovery of wrongdoing by appellant had not at that time resulted in the effective dissolution of the relationship of the partners existing under their agreement. It is true that if the dissolution were to be controlled by the proceedings contemplated in April, the appellant would be entitled to more than he is allowed by the judgment. But he has placed himself outside the terms of the agreement. By his defaults he has violated the agreement and given cause for a dissolution of the partnership. He developed by his acts the circumstances under which the respondents could as a matter of right ask the court below for a decree of dissolution. The finding that Sharpe wilfully committed a breach of the partnership agreement and so conducted himself in matters relating to the partnership business that it was not reasonably practical to carry on with him as a partner certainly cannot be set aside under the evidence adduced. The learned trial judge said, with respect to the fifty per cent profits for the ensuing year, "There can be little doubt that the act of defendant in misappropriating the partnership assets entitled plaintiffs to terminate the partnership agreement at once. . . .

Defendant's position that he is entitled to the additional fifty per cent of the profits notwithstanding his fraud is wholly untenable in a court of equity." The partnership was then, October 5, 1945, at an end. The only right then remaining in appellant was to be secured in the payment to him of the "value of his interest in the partnership" at the dissolution, less recoverable damages.

*By the Court.*—Judgment affirmed.