**D. T. HORN, Jr., Appellant,**

v.

**BUILDERS SUPPLY COMPANY OF LONG-VIEW, Ltd., et al., Appellees.**

No. 152.

Court of Civil Appeals of Texas.

Tyler.

Feb. 24, 1966.

Rehearing Denied April 7, 1966.

Harry S. Pollard, Austin (on rehearing only), L. F. Burke, Austin C. Hatchell, Longview, for appellant.

Earl Roberts, Roberts & Smith, Longview, for appellees.

MOORE, Justice.

This is an action for the dissolution of a limited partnership under the provisions of Texas Uniform Partnership Act, Article 6132b, Vernon's Ann.Tex.Civ.St. Plaintiffs, Mrs. M. Clint Brown, H. L. Smith, R. H. Smith, Raymond Cupp and James B. Cockrell, partners and owners of 98.7% interest of a partnership known as Builders Supply Company of Longview, Ltd., brought this suit against D. T. Horn, Jr., the owner of the remaining 1.3% interest, alleging that the defendant Horn had been guilty of such conduct as to prejudicially affect the carrying on of the business, and otherwise had so conducted himself in matters relating to partnership business that it was not reasonably practical to carry on the business and partnership with him; they alleged that at various times prior to the filing of this suit, Horn had appropriated to his own use and benefit partnership funds in the sum and amount of $13,606.92 and had failed and refused to account therefor. Plaintiffs prayed for a dissolution of the partnership and also asked that the value of Horn's interest be ascertained and that he be paid such amount for his interest in the partnership, less the sum of $13,606.-92 alleged to have been appropriated by him.

Defendant Horn denied that he had been guilty of any misconduct resulting in a breach of the partnership agreement. He alleged that he had complied with all of the terms and provisions of the agreement and stood ready and willing to continue with the partnership. By way of a counter claim, he sued for damages alleging that under the provisions of the agreement, he was promised a salary of $700.00 per month, but that the remaining partners had entered into a conspiracy and had wrongfully breached the agreement and terminated his salary as well as his expense account of $100.00 per month and because of such conspiracy and breach of the agreement on the part of plaintiffs, he suffered both actual and exemplary damages.

In a trial before a jury, facts were developed showing that on November 30, 1959, plaintiffs and defendant, by a written agreement, became partners in a limited partnership doing business under the name of Builders Supply Company of Longview, Ltd.

Under the provisions of the Articles of Partnership, James B. Cockrell and D. T. Horn, Jr. were designated as general partners, with all of the remaining members being limited partners.

In regard to the compensation to be paid the general partners, the Articles of Partnership contained this provision:

"In addition to the above, James B. Cockrell and D. T. Horn, Jr. shall draw a salary for their work in such amounts as might be agreed on from time to time by unanimous consent and agreement of all of the partners."

Each of the general partners were full time employees of the business and drew a monthly salary. Horn's salary was $700.00 per month with an additional $100.00 per month as an expense account.

In June of 1962 serious difficulties arose between Horn and Cockrell involving the conduct of the business. Cockrell, one of the general partners and who was after referred by the other partners as the manager, advised Horn sometime during the month of July that his services were no longer needed and requested that he turn in his keys to the company automobile and vacate his office. This Horn refused to do, stating that Cockrell had no authority to terminate his employment with the company. Shortly thereafter, Horn entered the company offices and took from the safe the certificate of title to the company automobile used by him. He also took from the safe all of the abstracts of title to the company property and took them to his home. At the trial of this cause, he refused to turn them over to the company. He admits that even though he had no authority from any of the officials of the company, he took the company automobile to Houston, Texas, and on the return trip was involved in a collision and then, without the consent of the partnership, traded the wrecked automobile for a new automobile obligating the partnership for the difference. Upon learning that the company was attempting to sequestrate the automobile, he admits he secreted it and the company was finally forced to obtain possession through the courts.

He further admitted that on various dates prior to August 3, 1962, and on various other dates subsequent to August 3, he collected accounts due and owing the company in the amount of $13,606.92 and appropriated it to his own use and benefit.

On August 3, 1962, the partners held a called meeting which was attended by all members of the partnership, including Horn. At this meeting a motion was made that the salary and expense account of both Cockrell and Horn be terminated. All of the partners voted in favor of the resolution except Horn, who voted in the negative, taking the position that under the provisions of the Articles of Partnership, his salary could not be terminated unless there was a unanimous consent by all of the partners, and therefore since he did not consent, the company was without authority to terminate his salary prior to the expiration date of the Articles of Partnership on August 1,

1975. The company, nevertheless, terminated the salaries and expense accounts of both Cockrell and Horn, effective as of that date.

Despite the fact that his salary had been terminated, Horn continued to use the company automobile and continued to use the company's credit card. He also continued to collect accounts due and owing the company and continued to appropriate the company funds to his own use and benefit. A few days prior to the date of the filing of this suit on October 26, 1962, Horn mailed the company an accounting, showing that he had collected the sum of $13,606.92 and also showing that he had applied a portion of the funds upon the salary which he claimed was due him, as well as paying himself a bonus and two paid vacations.

This suit followed shortly thereafter and in addition to a request for dissolution of the partnership also requested that D. T. Horn, Jr. be restrained from incurring further liability on behalf of the partnership.

In response to the following Special Issues as numbered in the Charge, the jury found, among other things, that: (3) defendant Horn had conducted himself in a manner relating to partnership business so that it was not reasonably practicable for the other partners to carry on business with him; (5) that the reasonable cash market value of his interest in the business was $9,409.63; (14) that the plaintiffs had conspired to breach the Articles of Limited Partnership; (15) that the acts of conspiracy of the plaintiffs in stopping the salary and expense account of Horn was a breach of the Articles of Partnership; (16) that the breach of the Articles of Partnership damaged Horn; (17) that such breach was a proximate cause of his damages; (18) that he had suffered damages in the sum and amount of $50,000.00.

Based upon the verdict, the trial court rendered judgment and also made the following findings:

(a) That defendant D. T. Horn, Jr. had conducted himself in a manner relating to the partnership business so that it is not reasonably practical for the other partners to carry on the business with him, and that such partnership should be dissolved as of October 23, 1964, the date of the verdict.

(b) That the present reasonable cash market value of the interest of D. T. Horn, Jr. in Builders Supply Company was $9,409.63.

(c) That based on the jury's answer to Special Issues Nos. 14, 15, 16, 17 and 18 finding that the acts of conspiracy of the plaintiffs stopping the salary and expense account of D. T. Horn, Jr. was a breach of the Articles of Limited Partnership, proximately causing damages to D. T. Horn, Jr. in the sum and amount of $50,000.00, and that he should have and recover of and from the plaintiffs, jointly and severally, the sum of $50,000.00.

(d) That in accordance with the jury findings, Horn was entitled to recover $59.409.63.

(e) But since the undisputed evidence shows, and it was admitted by defendant D. T. Horn, Jr. that he withdrew from Builders Supply Company funds in the sum and amount of $13,606.92, which funds were not due and owing him and which belonged to the partnership, the court finds that D. T. Horn, Jr. is indebted to the partnership in such sum and amount, which amount should be deducted from the total amount of his judgment due and owing against the partnership.

(f) That irreparable harm and damage will result unless D. T. Horn, Jr. is permanently enjoined and restrained from creating any liabilities on behalf of the partnership and that he should be permanently enjoined and restrained therefrom.

(g) That the remaining partners have executed an agreement indemnifying him and saving him harmless from any and all liabilities of the Builders Supply Company, which is sufficient to meet the requirements of indemnity.

After giving the partnership credit for the $13,606.92 appropriated by Horn, the court rendered final judgment against the plaintiffs, jointly and severally, in the amount of $45,802.71.

Plaintiffs filed a motion for new trial which was overruled and thereafter perfected this appeal from that portion of the judgment granting defendant Horn damages in the amount of $50,000.00 based on his cross claim. Defendant Horn did not file a motion for new trial but gave notice of appeal from that portion of the judgment which dissolved the partnership and awarded him the sum of $9,409.63 in lieu of his interest therein. He also appealed from that portion of the judgment awarding the plaintiff a recovery of $13,606.92 for the partnership funds appropriated by him, as well as that portion of the judgment refusing to allow him to recover his salary at the rate of $700.00 per month from August 1, 1962, until the date of the judgment. Thus, we have both parties appealing; the defendant Horn appealing from the judgment rendered against him in the plaintiffs' main suit, and the plaintiffs appealing from the judgment rendered against them on Horn's cross action for damages.

At the outset we are confronted with the question of whether or not we have acquired jurisdiction over the appeal of appellant Horn. The matter was called to our attention by the Clerk of this court in accordance with Rules 388 and 389, Texas Rules of Civil Procedure. The judgment appealed from was signed and entered on the 25th day of November, 1964. Appellant Horn did not file a motion for new trial. Rule 386, T.R.C.P., provides, "In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, * * *"

There is a provision for an extension of time by the Court of Civil Appeals; but no request for such extension was made and none was granted.

So, under Rule 386, the Transcript and Statement of Facts must have been filed within sixty days from the date of the judgment or within sixty days from the 25th day of November, 1964. The record in this cause was not filed until the 26th day of February, 1965, at which time it was filed by the plaintiffs. Thus, insofar as the appeal by defendant Horn is concerned, the record was not filed within the sixty day period provided by Rule 386. Our courts have repeatedly held that the foregoing requirements are mandatory and jurisdictional, and that the time limits therein prescribed cannot be waived, dispensed with or enlarged except upon the conditions set forth in the Rule. Eldridge v. Lake Whitney Enterprises, (Tex.Civ.App.) 231 S.W. 2d 466; Tydlacka v. Tydlacka, (Tex.Civ. App.) 277 S.W.2d 159. The fact that the plaintiffs filed a motion for a new trial and thus extended their time for the filing of the record did not inure to the benefit of Horn or otherwise excuse his failure to file the record within sixty days. Each appellant must base his appeal upon his own actions. Angelina County v. McFarland, (S.Ct.) 374 S.W.2d 417; Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624; Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434. Consequently, since the record was not filed in this court within sixty days after the date of the judgment, and since this court has no legal authority or discretion in the matter, we are compelled to dismiss the appeal of D. T. Horn, Jr. for want of jurisdiction.

We turn now to the appeal of the plaintiffs attacking the judgment rendered in favor of D. T. Horn, Jr. upon his cross action. Plaintiffs have attacked the judgment on the cross action by assigning ten Points of Error contending, among other things, that the judgment is not supported by the evidence, and that the trial court erred in refusing to disregard the jury findings on Issues 14, 15, 16, 17 and 18 and in

refusing to grant their motion for judgment non obstante veredicto. We sustain this contention.

■ While it is without dispute that the partnership in question was a limited partnership, organized and existing under the Uniform Limited Partnership Act, Article 6132a, we believe that the provisions of Article 6132b, known as the Texas Uniform Partnership Act, are likewise applicable because of Section 6(2) thereof which provides as follows:

"* * * but this Act shall apply to limited partnerships except in so far as the Statutes relating to such partnerships are inconsistent herewith."

Section 18 of the Uniform Partnership Act, Part IV, Paragraph (1) (f) provides:

"(1) The right and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

"(f) No partner is entitled to remuneration for acting in the partnership business, * * *"

■ The law is clear that in the absence of an agreement to the contrary, a partner is not entitled to compensation beyond his share of the profits for services rendered by him in performing partnership matters. Horn contends, however, that the agreement set forth in the Articles of Partnership providing that he and Cockrell were to draw a salary as might be agreed upon from time to time by the unanimous consent of all the partners amounted to a contract to pay him a salary for the duration co-extensive with the life of the partnership itself and that such contract could not be terminated without the unanimous consent of all the partners, including himself. We are not in accord with this contention.

■ As we view this record, the evidence conclusively demonstrates that the conduct of the defendant in misappropriating the partnership funds and secreting its property prior to August 3, 1962, was such as to amount to a dissolution of the partnership provided the remaining partners elected to treat it as such. Article 6132a, Sec. 10(a) (4); Article 6132b, Sec. 31(2); 68 C.J.S. Partnership §§ 338, 349. By such conduct defendant placed himself outside the terms of the original agreement. By his default he violated the agreement and gave the plaintiffs cause to file a suit for dissolution. Defendant's position that he was thereafter entitled to a salary, notwithstanding his fraud, is wholly untenable in a court of equity. By his fraud he put the partnership to an end insofar as he was concerned, and disqualified him from insisting that the remaining partners carry out their part of the bargain. The only right then remaining in the defendant was to be secure in the payment to him of the "value of his interest in the partnership at the dissolution," less recoverable damages. Article 6132b, 38(2) (c) (I) (II); Herslof v. Sharpe, 249 Wis. 347, 24 N.W.2d 600; Vangel v. Vangel, 116 Cal.App.2d 615, 254 P.2d 919.

Aside from this, however, there is yet another reason why we believe the evidence fails to establish a cause of action. The agreement clearly contemplates that defendant would draw a salary only for his "work." The agreement provides only for a contract of employment at the will of the parties, at a salary to be agreed upon from time to time in the future. As will be noted, the agreement in question is silent with respect to its intended duration. There is nothing in the agreement specifying the length of time defendant was to "work" for the partnership, nor is there anything in the agreement specifying how long the salary would be paid nor the amount thereof. The evidence fails to disclose any proof of any mutual understanding either as to a definite term or a reasonable time of the existence of the agreement. It is a reasonable conclusion that the parties deliberately and designedly refrained from binding themselves to any permanency and that it was intended to be subject to change depending upon the situation. Obviously, the partners

could not have intended that their agreement should be perpetual, regardless of the fortunes of their business, the comparative activity of the various partners and other pertinent factors.

 The general rule is that when a contract provides that one party shall render services to another, or shall "work" for another, but does not specify a definite time or prescribe conditions which shall determine the duration of the relationship, the contract may be terminated by either party at will. Where the tenure of employment is not conclusively shown by the contract, the presumption is that the employment is at will, and the party relying on such a contract must overcome the presumption by showing facts and circumstances establishing some tenure of employment. 38 Tex.Jur.2d, Sec. 8, page 142; Rosenfeld v. Rosenfeld, 390 Pa. 39, 133 A. 2d 829, 66 A.L.R.2d 1013. As we view the record, defendant failed to present any evidence to overcome the presumption that the salary agreement in question was terminable at will and therefore failed to establish a cause of action for breach of contract.

Though not properly assigned as a cross point, defendant asserts in his brief that the judgment on his cross action is erroneous in that it failed to allow him his salary from the date of the termination thereof on August 3, 1962, until the date of the final judgment in addition to damages. In Vangel v. Vangel, supra, a similar contention was made. The partnership agreement there relied upon by the defendant was as follows:

"The parties shall from time to time agree upon a fixed amount to be drawn by each party by way of a drawing account, living expenses or wages."

The court in overruling the defendant's contention made the following observation which we think is likewise applicable here:

"* * * An examination of the quoted part of the partnership agreement clearly indicates that although the fixing of compensation for each of the partners was in the contemplation of the parties, it was cast in the form of an agreement reserving this matter for future determination. However, the parties were unable to reach an agreement on this deferred subject. Under such circumstances, 'neither law nor equity provides a remedy for breach of an agreement to agree in the future.' * * *"

 If an essential element of the contract is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Williston on Contracts, (1936) Vol. I, page 131. The amount of Horn's salary was subject to future agreements. At the meeting on August 3, 1962, the parties were unable to unanimously agree and as a result there was no contract for the payment of salaries in any amount after such date and plaintiffs' claim is therefore without foundation. The point is overruled.

 Defendant Horn having failed to present any evidence which would entitle him to a recovery on his cross action, it follows that the trial court was in error in submitting the question of a breach of the contract to the jury and in refusing the plaintiffs' motion for judgment non obstante veredicto. Consequently, that portion of the judgment granting defendant, D. T. Horn, Jr., $50,000.00 damages on his cross action must be reversed and rendered in favor of the plaintiffs.

That portion of the judgment which purports to finally award defendant the sum of $45,802.71 will be reformed so as to reflect that defendant, D. T. Horn, Jr., shall take nothing.

Since the plaintiffs recovered judgment of and from the defendant in the amount of $13,606.92 representing funds appropriated by him, while on the other hand defendant Horn recovered judgment of and from the plaintiffs for only $9,409.63 representing his interest in the partnership, it will be necessary to further reform the judgment so as

to allow the plaintiffs to recover judgment against the defendant, D. T. Horn, Jr., for the difference, which amounts to the sum of $4,197.29, and it is so ordered. In all other respects, the judgment of the trial court is affirmed.

The judgment of the trial court is therefore reversed and rendered in part; reformed, and as reformed, affirmed.