SHIVERS, Judge.
Appellant seeks review of the lower court’s order denying a motion to distribute partnership funds to the estate of the deceased without setoff for the amount due the partnership from the deceased. We affirm.
On February 10, 1973, F.A. Boyd & Sons, Inc. and Gail Avera entered into a limited partnership, Gulf Hammock Recreational Development, Ltd., with Avera serving as the only general partner. In May 1976, F.A. Boyd & Sons, Inc. brought an action alleging Avera breached her fiduciary duty and the terms of the limited partnership. The complaint sought Avera’s removal as general partner, requested appointment of a receiver, dissolution of the partnership and an accounting. The cause was tried on August 25 and 26, 1977. On August 28, 1977, Avera died. Avera’s estate was substituted as a party and the court rendered its decision removing Avera as general partner and appointing F.A. Boyd as receiver. The order determined Gulf Hammock Recreational Development, Ltd. was entitled to recover $61,418 from Avera. The order also determined that F.A. Boyd & Sons, Inc. (one of the limited partners) was *1213 entitled to recover from the said limited partnership, Gulf Hammock Recreational Development, Ltd., a total of $109,709. It ordered the receiver to withhold payment of the interest and principal on said obligations until further order by the court. On October 5, 1981, appellant filed a motion to have the receiver distribute the remaining partnership assets without adjustment for the amount due the partnership from Av-era. The court denied the motion and directed the receiver to balance the partners’ accounts, making an adjustment for the amount due the partnership from Avera and to pay each partner the balance according to each one’s interest. Avera’s personal representative appeals the denial of this motion.
Appellant raises two issues, both of which can be resolved by determining how assets of the limited partnership should be distributed on dissolution. First, appellant asserts the partnership is nothing more than a judgment creditor and, as such, must file a claim in the manner set out by the probate code. If the estate is entitled to a share in the partnership assets without adjustment for the $61,418, then Avera’s share would be part of the estate and the partnership should follow the procedure under Chapter 733. Second, appellant asserts the partnership must, as a judgment creditor, obtain a charging order in order to satisfy its claim against the limited partnership’s assets. Resolution of both these issues depends on whether the liabilities between the partners are setoff during dissolution.
The lower court determined the general partner breached the limited partnership agreement and that she owed the limited partnership $61,418. After ordering the dissolution, the trial court required an accounting adjusting for the partnership debt owed by the general partner. Although the Uniform Partnership Act provides that when a partner violates the partnership agreement the other partners may satisfy their claims against the partnership out of the partnership’s assets, no such provision is found in the Uniform Limited Partnership Act. However, section 620.23, Florida Statutes, provides that the assets and profits of the limited partnership are to be distributed to the limited partners, in respect to their shares of profits, income and capital, before distribution is made to the general partner. Thus, Avera, now her estate, could not be entitled to the assets of the partnership until the limited partners’ claims were satisfied. Although Florida has not considered this issue, other jurisdictions have followed the general path adopted by the trial court.
 Generally, it is important to note that the dissolution of a limited partnership is an equitable matter. The decedent’s personal representative takes merely an equitable interest in the distribution of any surplus remaining after payment of partnership debts. On the settlement of the partnership the interest of the deceased partner goes to his personal representative as an asset of the decedent’s estate. 33 C.J.S. Executors and Administrators, s. 115, page 1069. In In Re Wilson’s Estate, 50 Wash.2d 840, 315 P.2d 287 (1957), the court considered the dissolution of a partnership and the purchase of a deceased partner’s interest. The court stated:
Since the action is primarily concerned with a partnership accounting and a petition to purchase decedent’s interest based thereon, equitable principles must be applied and the parties awarded what they are justly entitled to under the facts.
Id., 315 P.2d at 294.
In Dycus v. Belco Industries, Inc., 569 P.2d 553 (Okla. Ct. App. 1977), the court considered the dissolution of a limited partnership applying a statute similar to section 620.23, Florida Statutes. The court found that the general partner’s claim may only be paid after the claims of the creditors and those of the limited partners have been satisfied. Following this logic, the general partner’s successor, the estate, can hardly expect a greater right to the partnership’s assets than the general partner would have had had she survived.
Similarly, other jurisdictions have approved the method used by the trial court in adjusting the limited partnership’s *1214 accounts. In Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex. Civ. App. 1966), the court considered a case in which a general partner in a limited partnership misappropriated the limited partnership’s funds. The trial court noted that after dissolution, appellant was only-entitled to the value of his interest in the partnership.
By his fraud he put the partnership to an end insofar as he was concerned, and this disqualified him from insisting that the remaining partners carry out their part of the bargain. The only right then remaining in the defendant was to be secure in the payment to him of the “value of his interest in the partnership at the dissolution,” less recoverable damages.
Id., at 148.
The process advocated by Avera’s personal representative would not speed just distribution of the assets to the limited partners. It would not be equitable to require payment to the estate of more than the net value of Avera’s interest. Accordingly, the process utilized by the trial court is approved and the order below is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.