Gloria MORGAN, Appellant,

v.

JACK BROWN CLEANERS, INC., d/b/a Capital City Management Services, Inc., Brown Properties, Inc., Steven Brown and Jack T. Brown, Appellee.

No. 3–88–019–CV.

Court of Appeals of Texas, Austin.

Jan. 11, 1989.

Rehearing Denied Feb. 15, 1989.

Philip Durst, Richards, Wiseman & Durst, Austin, for appellant.

Elizabeth A. Crabb, Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before SHANNON, C.J., and CARROLL, J.

ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion handed down by this Court on November 2, 1988, is withdrawn and this opinion is filed in its place.

Appellant Gloria Morgan sued her former employers, appellees, Jack Brown Cleaners, Inc., d/b/a Capital City Management Services, Inc., Brown Properties, Steven Brown and Jack T. Brown (collectively

"Brown"), in the district court of Travis County. By her suit, Morgan sought damages for the claimed breach of an employment contract. The district court rendered summary judgment that Morgan take nothing. This Court will reverse the judgment.

Viewed in the light most favorable to Morgan, the nonmovant, *Valley Stockyards Company v. Kinsel*, 369 S.W.2d 19 (Tex.1963), the summary judgment proof establishes the following facts. Before May 1985, Morgan was a supervisor for Levi–Strauss in Amarillo. Her position was eliminated when several Levi–Strauss divisions were consolidated. Brown had a department that "prewashed" bluejeans for Levi–Strauss, and the department had an opening for a supervisor. Based on an oral agreement with Brown, Morgan sold her house in Amarillo and moved to Austin to take the position with Brown. The agreement did not state how long her job would last, but Morgan's proof was that the agreement included "job protection" for her. Nevertheless, when the contract with Levi–Strauss ended, Brown fired Morgan.

Morgan sued Brown seeking damages claiming, *inter alia*, breach of contract. Brown moved for summary judgment, asserting, among other things, that (1) Morgan's employment was at will and (2) the Statute of Frauds barred Morgan's claim. Upon hearing, the district court rendered summary judgment that Morgan take nothing.

By several points of error Morgan complains that the district court erred in rendering summary judgment for Brown. The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If the defendant's summary judgment proof does not meet this standard, then the plaintiff does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972); *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex.

1970); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

By her first point of error, Morgan insists that the district court erred in granting summary judgment upon the basis that her employment could be terminated at Brown's will. According to Morgan, the "job protection" feature of the parties' agreement meant that she would not be fired solely because Brown's prewash contract with Levi–Strauss ended.

■ An employment contract "for an indefinite term may be terminated at will and without cause." *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). Nevertheless, this result may be modified by the parties' agreement, including an oral agreement. *See Johnson v. Ford Motor Co.*, 690 S.W. 2d 90, 93 (Tex.App.1985, writ ref'd n.r.e.); *see also Ramos v. Henry C. Beck Company*, 711 S.W.2d 331, 336 (Tex.App.1986, no writ). As such, a defendant-employer in a wrongful termination suit "is not entitled to summary judgment if a fact issue is raised concerning the existence of an agreement that modifies [the plaintiff's] employment-at-will status." *Id.* 711 S.W. 2d at 336.

■ Gloria Morgan's deposition, a part of the summary judgment proof, reads in part as follows:

Q: And my understanding is that you have brought this lawsuit because you were told that—by Steve Brown —that if the blue jean department was ever closed, he would find another job for you within the company.

A: Yes.

The quoted testimony plainly raises a fact issue concerning the existence of an agreement modifying her at-will status. Accordingly, Brown is not entitled to a summary judgment based on the employment-at-will doctrine. *Ramos*, 711 S.W.2d at 336.

On motion for rehearing Brown claims that our holding "conflicts with 100 years of case law and creates a new exception" to the at-will doctrine. Upon the authority of

*Horn v. Builders Supply Company of Longview*, 401 S.W.2d 143, 149 (Tex.Civ. App.1966, writ ref'd n.r.e.), Brown insists that the presumption of employment-at-will is defeated *only* when the parties agree on an exact length for the employment contract. On its face, the language in *Horn* does support Brown's view, but Brown's view is incorrect for two reasons. First, the general statement of the at-will doctrine requires us to permit Morgan's claim to proceed. The rule is that employment is at-will "absent a specific contract term to the contrary." *Vallone v. Agip Petroleum Co., Inc.*, 705 S.W.2d 757, 758 (Tex.App. 1986, writ ref'd n.r.e.). Because a jury may find that Brown agreed to a specific contract term to the contrary, it cannot be said that Morgan's employment was at-will.

■ Second, the overly-broad language in *Horn* does not control this appeal. In this appeal, appellant asserts that the agreement included a promise that she would not be fired solely because a particular event occurred. In other words, she asserts that her at-will status was limited in a manner other than an exact duration of the contract. Therefore, the *Horn* language is dictum as applied to facts in this appeal because in *Horn* there was no claim of a nondurational limit on the at-will doctrine. More important, subsequent authorities have limited the at-will doctrine in nondurational ways. For example, an agreement not to fire an employee except for good cause *does* defeat the presumption of at-will status even though no exact duration is agreed upon. *See Johnson, supra.* Although an employer may not have made such a promise in "one hundred years," this Court concludes, by following the language of the general rule and post-*Horn* law, that the alleged promise is a permissible nondurational limit on the presumption of employment-at-will.

Point of error one is sustained.

■ Morgan claims by her second point that the district court erred in rendering summary judgment that the Statute of Frauds renders the parties' agreement unenforceable. The Statute of Frauds, Tex. Bus. & Com.Code Ann. § 26.01(a)(6), pro-

vides that an oral agreement not to be performed within one year from the date of its making is unenforceable. To determine whether an agreement falls within the Statute of Frauds, one examines the agreement's duration. The Statute bars only contracts which *must* last longer than one year. *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex.1982).

The agreement under consideration did not specify how long it would last; Morgan was therefore employed indefinitely. An indefinite period is not one that *must* be longer than one year. As such, the Statute does not bar indefinite term contracts. "Where no period of performance is stated in [employment] contracts the statute [of Frauds] is inapplicable." *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (1961).

Because the summary judgment proof does not establish conclusively that Morgan's employment contract must have lasted longer than one year, the Statute of Frauds does not bar her claim. We sustain point of error two.

The summary judgment is reversed and the cause is remanded to the district court for trial.