CROW 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00375-CV








Donald R. Crow, Appellant




v.




David Smith and Texas Department of Health, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 93-10570, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








 Appellant Donald Crow sued appellees David Smith and the Texas Department of
Health ("TDH"), claiming interference with his property interest in his job at TDH and tortious
interference with his employment contract. The trial court granted appellees' motion for summary
judgment, and Crow appeals. We will affirm in part and reverse in part the trial court's judgment
and remand a portion of the cause for trial on the merits.



BACKGROUND


 Crow, a state-licensed dentist, began working for TDH in 1987 and was
subsequently selected as Bureau Chief for the Bureau of Dental and Chronic Disease Prevention. 
Crow asserts that when he applied for the position of Bureau Chief, he was told that the position
was not "at will" and that he could be removed only for cause. In early 1992, the TDH Board
named as new TDH Commissioner David Smith, who decided to reorganize the agency. As part
of this reorganization, Smith replaced the Bureau of Dental and Chronic Disease Prevention with
the Bureau of Dental Health and designated Crow as the "acting" Bureau Chief of the new bureau. 
Smith then posted the position of Bureau Chief for Dental Health Services and conducted a
selection process. Crow applied for the position but was not selected. Although Crow concedes
that his salary and employment have remained constant and unchanged despite his nonselection,
he contends that his nonselection was a termination without cause from his position as Bureau
Chief. TDH denied Crow's request for an internal due process hearing concerning his
nonselection on the grounds that Crow had been neither demoted nor terminated.

 Crow filed a petition against appellees claiming both deprivation of a property
interest and tortious interference with his employment contract. Appellees filed a motion for
summary judgment, asserting the state law defense of sovereign immunity. Appellees further
contended in their summary judgment motion that Crow had neither a property interest in his
position as Bureau Chief nor an employment contract that triggered either a denial-of-due-process
or tortious-interference-with-contract claim. The trial court granted summary judgment in favor
of appellees.



DISCUSSION


 In a single point of error, Crow challenges the trial court's granting of appellant's
motion for summary judgment. The standards for reviewing a motion for summary judgment are
well established:



(1) The movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law.


(2) In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as
true.


(3) Every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The question on appeal is not whether the summary-judgment proof raises a fact
issue, but whether the summary-judgment proof establishes as a matter of law that no genuine
issues of material fact exist as to one or more of the essential elements of the plaintiff's cause of
action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). When the order does
not give a specific reason for granting the judgment, the nonmovant must show on appeal why
each ground asserted in the motion is insufficient to support the order. Rogers v. Ricane Enters.,
Inc., 772 S.W.2d 76, 79 (Tex. 1989).



A.  Sovereign Immunity

 Appellees contend that the doctrine of sovereign immunity prohibits suit against
TDH and Smith acting in his official capacity absent the State's prior consent to be sued. (1) Under
the doctrine of sovereign immunity, a suit against TDH and Smith acting in his official capacity
under the authority granted by the State is a suit against the State. See Courtney v. University of
Tex. Sys., 806 S.W.2d 277, 281 (Tex. App.--Fort Worth 1991, writ denied); see also Director of
the Dep't of Agric. & Env't v. Printing Indus. Ass'n, 600 S.W.2d 264, 265 (Tex. 1980). The
doctrine of sovereign immunity bars contractual claims against the State. See Pickell v. Brooks,
846 S.W.2d 421, 424 (Tex. App.--Austin 1992, writ denied); Courtney, 806 S.W.2d at 282. 
Thus, if Crow's suit were based upon a contractual claim, appellees would be correct in their
assertion that his suit is barred by sovereign immunity. However, Crow did not sue appellees for
breach of contract but rather for deprivation of his property interest in his position as Bureau
Chief without due process. "[S]uits for property alleged to be unlawfully or wrongfully withheld
from the rightful owner by officers of the state are not suits against the sovereign itself and may
be maintained without permission of the sovereign." W.D. Haden Co. v. Dodgen, 308 S.W.2d
838, 841 (Tex. 1958); see also Courtney, 806 S.W.2d at 284. Therefore, the trial court could
not properly grant appellees' motion for summary judgment on grounds of sovereign immunity.



B.  Crow's Property Interest in his Position as Bureau Chief

 Our resolution of this appeal turns in part on whether appellees established as a
matter of law that Crow had no property interest in his position as Bureau Chief. We need not
decide and express no opinion on whether Crow established or can establish such a property
interest. 

 This is not a review of a trial court's judgment on the merits. Rater, it is merely
a review of a summary judgment. If Crow's summary-judgment proof created a fact issue
regarding a property interest in his position as Bureau Chief, the trial court erred in granting
summary judgment.

 Crow claims that he had an oral employment contract with TDH that he could be
removed from his position only for cause and, thus, had a property interest in his position. 
Viewed in the light most favorable to Crow, the summary-judgment proof established that Dr.
Cecil Chandler, Crow's predecessor as Bureau Chief, told him the position of Bureau Chief was
not "at will" and that he could removed only for cause. Crow also claimed that another individual
in the Houston personnel office--whose name Crow cannot remember--told him the same thing.

 In order to prevail on a due process claim in the public employment context, a
plaintiff must initially show that he had a constitutionally protected property interest in his
continued employment. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); see also Pickell,
846 S.W.2d at 426-27. Property interests protected by the Due Process Clause are not created
by the Constitution; rather, they are created and defined by existing rules or understandings that
stem from an independent source, such as state law. Bishop v. Wood, 426 U.S. 341, 344 n.7
(1976); see also Perry v. Sindermann, 408 U.S. 593, 601 (1972) ("A person's interest in a benefit
is a `property' interest for due process purposes if there are rules or mutually explicit
understandings that support his claim of entitlement to the benefit . . . .") (emphasis added). A
protected property interest in the public employment context derives from the concept of a
reasonable expectation in continued employment. Roth, 408 U.S. at 577; see also Perry, 408
U.S. at 601. According to Crow, he had a reasonable expectation in continued employment
resulting from the oral employment contract that guaranteed he could be removed from his
position only for cause. (2)

 Texas has long followed the rule that employment for an indefinite term may be
terminated at will and without cause. Gerstacker v. Blum Consulting Eng'rs, 884 S.W.2d 845,
849 (Tex. App.--Dallas 1994, writ denied); see also Goodyear Tire & Rubber Co. v. Portilla, 879
S.W.2d 47, 51 (Tex. 1994); Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex.
1991). Thus, there is a presumption of at-will employment unless the parties agree to limit the
employer's right to terminate the employee. See Zep Mfg. Co. v. Harthcock, 824 S.W.2d 654,
659 (Tex. App.--Dallas 1992, no writ). According to appellees, it is "well-settled law" that an oral
employment contract that states no definite duration is terminable at will by either party, and thus
an oral contract that an employee will be removed only for cause is unenforceable. (3) We disagree.

 The employment-at-will presumption applies only absent a specific contractual
provision to the contrary. Gerstacker, 884 S.W.2d at 849. The parties may agree to modify at-will employment by agreement, which may be either written or oral. Goodyear Tire & Rubber
Co. v. Portilla, 836 S.W.2d 664, 667-68 (Tex. App.--Corpus Christi 1992), aff'd, 879 S.W.2d
47 (Tex. 1994); Morgan v. Jack Brown Cleaners, Inc., 764 S.W.2d 825, 826 (Tex. App.--Austin
1989, writ denied). Thus, an employer's oral promise not to fire appellant except for good cause
removes the position from the at-will category. See Gerstacker, 884 S.W.2d at 849; see also
Portilla, 836 S.W.2d at 666-69 (concluding that evidence of employer's oral assurance that
appellant would keep her job as long as she performed satisfactorily was sufficient evidence to
support jury's finding that appellant had employment contract); Hardison v. A.H. Belo Corp., 247
S.W.2d 167, 168 (Tex. Civ. App.--Dallas 1952, no writ) (holding that satisfaction contract is
formed when employer represents to employee that employee will be discharged only for
unsatisfactory employment). 

 A defendant is not entitled to summary judgment if a fact issue is raised concerning
the existence of an agreement that modified the plaintiff's employment-at-will status. Morgan,
764 S.W.2d at 826. Viewing the summary-judgment proof in the light most favorable to Crow,
we conclude that when Chandler told Crow that he would not be removed from his position except
for good cause, the employment relationship was removed from the at-will category. Crow's
summary-judgment proof thus raised a fact issue about the existence of a property interest in his
position. (4)

 Appellees further assert that even if Crow had a property interest in his continued
employment, he did not have a property interest in his job title, thereby distinguishing Courtney
on several grounds. We have determined that the situation in Courtney is analogous to the case
at bar. In Courtney, appellant, a lecturer at a state university with a year-to-year contract, was
fired without a hearing and claimed that he had an expectation of future employment subject to
dismissal only for cause based upon certain rules and understandings. 806 S.W.2d at 280. 
Similarly, Crow contends that certain conversations and understandings created in him the
expectation of future employment subject to dismissal only for cause. Appellees attempt to
distinguish Courtney on the ground that it involved issues surrounding a lecturer's tenure.
However, Courtney was not, and did not claim to be, a tenured employee; rather, his claim
derived from an alleged employment contract analogous to a satisfaction contract. (5) Appellees
further attempt to distinguish Courtney on the ground that Courtney was terminated from his job,
not just deprived of a job title. Appellees cite several cases for the proposition that an employee
has no property interest in a specific job title or position. See Kinsey v. Salado Indep. Sch. Dist.,
950 F.2d 988, 997 (5th Cir.), cert. denied, 112 S. Ct. 2275 (1992); Kelleher v. Flawn, 761 F.2d
1079, 1086-87 (5th Cir. 1985). However, the case at bar is distinguishable from those cases. 
Crow has lost his job as Bureau Chief and the benefits that he claims accompanied that position,
most importantly the right to retain his job absent good cause to terminate him. He still has a job
with TDH at the same salary he drew as Bureau Chief; however, he is now clearly an at-will
employee. Construing the facts in the light most favorable to Crow, appellees deprived him of
his property interest in his position as Bureau Chief without due process. Therefore, the trial
court could not properly grant summary judgment on the basis that appellees proved as a matter
of law that Crow had no property interest in his continued employment as Bureau Chief.



C.  Tortious Interference with Contract

 The elements of a cause of action for tortious interference with an existing contract
are as follows: (1) the existence of a contract subject to interference; (2) a willful and intentional
act of interference; (3) such act was a proximate cause of damages; and (4) actual damage or loss. 
Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 926 (Tex. 1993). Crow asserts that his
summary-judgment proof created a material fact issue concerning Smith's actions in his individual
capacity that interfered with the employment contract. Appellees argue that because a claim for
tortious interference with a contract hinges on the existence of a contract, the trial court properly
granted summary judgment on this claim because Crow failed to establish a disputed issue
concerning the existence of a contract. As previously discussed, we conclude that Crow's
summary-judgment proof established a triable fact issue concerning the existence of a contract.

 Appellees contend that assuming arguendo that a valid contract existed, Smith
cannot be found liable for tortious interference with a contract because he was an agent of a
contracting party, not a third party to the contract. A party to a contract cannot tortiously
interfere with the contract. Liability must be founded upon the acts of an interfering third party. 
Baker v. Welch, 735 S.W.2d 548, 549 (Tex. App.--Houston [1st Dist.] 1987, writ dism'd). 
Employees or agents of a contracting party are not generally regarded as third parties capable of
interfering with contractual relationships. Id.; see also Tarleton State Univ. v. Rosiere, 867
S.W.2d 948, 952-53 (Tex. App.--Eastland 1993, writ dism'd by agr.). However, an agent can be
held liable for inducing a breach of its principal's contract if, for example, it acted outside the
scope of its agency, in furtherance of personal objectives, or with malice. See Holloway v.
Skinner, 38 Tex. Sup. Ct. J. 582, 584 (May 11, 1995); see also Gonzalez v. Gutierrez, 694
S.W.2d 384, 388-89 (Tex. App.--San Antonio 1985, no writ) (suggesting that if actions of
municipal airport's director exceeded scope of his authority, he could be held liable for tortious
interference). 

 Appellees assert that Crow failed to establish a disputed fact issue concerning third-party interference with the alleged contract. We agree. As movant for summary judgment,
appellees met their burden of showing that no genuine issue of material fact regarding an element
of the tortious interference claim exists; they offered summary-judgment proof that Smith's
reorganization of the agency and nonselection of Crow for the permanent Bureau Chief position
were actions taken in furtherance of his official duties and legislative mandates. Crow produced
no summary-judgment proof contradicting appellees' assertion that Smith was acting within the
scope of his employment and was thus not capable of third-party interference. Therefore, we
affirm in part the trial court's judgment to the extent the court granted appellees' motion for
summary judgment on the ground that no genuine issue of material fact exists with regard to the
claim of tortious interference with a contract.



CONCLUSION


 We reverse the trial court's judgment with regard to Crow's claim for deprivation
of a property interest without due process and remand that claim for trial on the merits. We
affirm the remainder of the judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Reversed and Remanded in Part

Filed: June 21, 1995

Do Not Publish 

1.   Appellees concede that the doctrine of sovereign immunity does not bar a claim
against Smith in his individual capacity for wrongful taking of property without due
process. Instead, they argue that the claim against Smith for due process violations was
correctly disposed of because they established as a matter of law that there was no
disputed fact concerning Crow's alleged property interest in his position as Bureau Chief.
2.   Appellees claim in their brief that Crow relies on a provision in the TDH
employment manual as giving him a property interest in continued employment. 
However, they misconstrue Crow's argument. Crow alleges that the oral representations
that he could be removed only for cause amounted to an oral contract. He identifies the
employment manual as corroborating evidence that his position as Bureau Chief was not
an "at will" position; he does not assert that the manual itself constituted an employment
contract.
3.   Appellees apparently argue that the presumption of employment at will is defeated
only when the parties to an oral contract agree to an exact term of employment. We
rejected such an argument in Morgan v. Jack Brown Cleaners, 764 S.W.2d 825, 827 (Tex.
App.--Austin 1989, writ denied). Appellees suggest that any oral promise made to Crow is
unenforceable under the statute of frauds. The statute of frauds is set forth in § 26.01 of the
Texas Business and Commerce Code. Tex. Bus. & Com. Code Ann. § 26.01 (West 1987). 
Section 26.01(b)(6) of the statute of frauds bars only oral contracts that cannot be completed
within one year; thus, if an oral agreement can be performed within one year, it is not within
the statute of frauds. Miller v. Riata Cadillac Co., 517 S.W.2d 773, 775 (Tex. 1974);
Gerstacker, 884 S.W.2d at 849. "Indefinite-term employment contracts are considered
performable within one year and therefore do not fall within section 26.01(b)(6) of the statute
of frauds." Gerstacker, 884 S.W.2d at 849. Thus, Crow's employment contract, under which
employment is to cease only upon the happening of a contingency capable of occurring within
one year, is not within the statute of frauds. See Hardison v. A.H. Belo Corp., 247 S.W.2d
167, 168 (Tex. Civ. App.--Dallas 1952, no writ).
4.   In order to prevail on his claim at trial, Crow will have to establish that the promise
of removal only for cause was made by an agent of TDH acting within the scope of his
authority. Portilla, 836 S.W.2d at 668. However, appellees did not offer summary-judgment
proof showing that no issue of material fact exists regarding this element. Thus, Crow did not
have to produce summary-judgment proof to establish a disputed issue of fact.
5.   Courtney's contract provided that it would be renewed each year as long as his
performance was satisfactory. Courtney, 806 S.W.2d at 280.